IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LINDSAY CHENEY, JR.,     No. 2:17-CV-0259-MCE-CMK

    Plaintiff,

  vs.                                                       ORDER

COUNTY OF BUTTE, et al.,

    Defendants.

_____/

       Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

1

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

While plaintiff's 270-page complaint is not entirely clear, it appears that plaintiff is asserting various civil rights violations arising in the context of a criminal case against him in Butte County, Butte County Superior Court case no. SCR96290. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts are barred from hearing a civil rights claim arising from an ongoing state criminal prosecution. In certain circumstances, it may be appropriate to stay a federal civil rights action pending the outcome of the state criminal case. See Wallace v. Kato, 127 S.Ct. 1091 (2007). Because it is unclear from plaintiff's complaint whether his claims in fact arise from the Butte County Superior Court action, or whether that action is still pending, the court cannot on the current file determine whether to abstain pursuant to Younger. Plaintiff will be provided an opportunity to file an amended complaint to address this jurisdictional issue.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Federal Rule of Civil Procedure 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

DATED: February 14, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE